UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>OLIVIA KUEHNER,<br><br>　　　　　Defendant. | CR. 18-50009-JLV<br><br>ORDER |

　　　The government filed a motion requesting permission to disclose pages 22 and 23 of the Presentence Investigation Report ("PSR") (Docket 55) to Internal Revenue Service Special Agent ("S.A.") Brian Pickens, the case agent in this case. (Docket 62). The government seeks this disclosure to permit S.A. Pickens to investigate Ms. Kuehner's assets for purposes of assisting the government in determining restitution. Id.

　　　Federal Rule of Criminal Procedure 32(e) sets the standard for disclosing the PSR to the defendant, the defendant's attorney, and the prosecuting attorney. Fed. R. Crim. P. 32(e)(2). However, Rule 32 is silent as to whether and under what circumstances the PSR may be disclosed to persons other than those specifically mentioned.

　　　PRSs are generally considered to be confidential documents and should be disclosed to third parties only under limited circumstances. See United States Department of Justice v. Julian, 486 U.S. 1, 12 (1988) ("the courts have typically required some showing of special need before they will allow a third

party to obtain a copy of a presentence report"); United States v. McKnight, 771 F.2d 388, 391 (8th Cir. 1985) ("Generally, pre-sentence reports are considered as confidential reports to the court and are not considered public records, except to the extent that they or portions of them are placed on the court record or authorized for disclosure to serve the interest of justice.").

A district court has "supervisory power over its own records and files." Nixon v. Warner Communications, Inc., 435 U.S. 589, 598 (1978). As a result, the decision whether to release otherwise confidential PSRs is largely committed to the court's discretion. United States v. Jewell, 614 F.3d 911, 921 (8th Cir. 2010) (district court's decision to provide or deny a criminal defendant access to another person's presentence investigation report is reviewed for abuse of discretion). "It is generally agreed that 'some showing of special need' is required before a district court should release a PSR to a third party." United States v. Spotted Elk, 548 F.3d 641, 672 (8th Cir. 2008).

In this case, the government has made a showing of special need. This case was complex in nature and involves defendant's convictions for wire fraud, money laundering and tax evasion. See Docket 63. S.A. Pickens, as the primary case agent, spent a significant amount of time investigating these offenses. Given S.A. Pickens' substantial involvement in this case, the court finds that providing S.A. Pickens' with a copy of the pages of the PSR listing defendant's assets will aid the government in preparing its proposal for restitution in this case. Accordingly, it is

ORDERED that the government's motion for permission to disclose pages 22 and 23 of the PSR (Docket 55) to IRS Special Agent Brian Pickens (Docket 62) is granted.

IT IS FURTHER ORDERED that S.A. Pickens is bound by the nondisclosure restrictions as defined in page 3 of the report.

IT IS FURTHER ORDERED that S.A. Pickens shall return the pages of the PSR to government counsel immediately following the determination of restitution in this case.

Dated July 11, 2019.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE